UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-01208-MCS-AJR** | Date | March 17, 2026 |
| Title | *Guillermo Alexander Escalante Vargas v. Fereti Semaia* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER SETTING BRIEFING SCHEDULE ON MOTION AND ENJOINING RESPONDENTS FROM REMOVING PETITIONER UNTIL THE COURT RESOLVES THE MOTION (ECF NO. 3)**

Petitioner Guillermo Alexander Escalante Vargas brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed a motion for a preliminary injunction. (Mot., ECF No. 3.)

According to the petition and motion materials, Petitioner is a citizen of El Salvador who came to the United States in 2014 as an unaccompanied child when he was 13 years old. (Mot. Ex. A ("Hellerstein Decl.") ¶ 4, ECF No. 3-2.) Petitioner was detained by United States Border Patrol and placed in removal proceedings. (*Id.*) On May 12, 2022, United States Citizenship and Immigration Services ("USCIS") granted Petitioner Special Immigrant Juvenile Status ("SIJS") after a state court found that reunification with his parents was not viable due to abuse, abandonment, or neglect. (*Id.* ¶ 5; Mot. Ex. B ("SIJS Notice"), ECF No. 3-2.)[1] Simultaneously, USCIS granted Petitioner deferred action on his removal

---

[1] For the purposes of this Order, the Court assumes the exhibits to the motion are true and correct copies of what they purport to depict.

proceedings for a period of four years. (Hellerstein Decl. ¶ 5; SIJS Notice.) When USCIS granted Petitioner the four-year deferral, it was aware that Petitioner had been arrested three separate times in 2020 and 2021, and that all charges were ultimately dismissed. (Hellerstein Decl. ¶¶ 6–7; *See also* Mot. Ex. C, ECF No. 3-2.) Petitioner contends he has not been arrested since receiving his deferral. (Pet. ¶ 19.) On March 21, 2025, an immigration judge terminated Petitioner's removal proceedings. (Hellerstein Decl. ¶ 8; Mot. Ex. D, ECF No. 3-2.)

At approximately 6:00 a.m. on November 19, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner outside his home as he was preparing to leave for work. (Hellerstein Decl. ¶ 9.) Later that day, USCIS issued a letter terminating Petitioner's deferred action. (*Id.* ¶ 10; Mot. Ex. E ("Termination Letter"), ECF No. 3-2.) The termination letter noted that Petitioner's SIJS status remained approved. (Termination Letter 1.) ICE provided Petitioner with a new Notice to Appear, which classified Petitioner for the first time as an "arriving alien" under the Immigration and Nationality Act ("INA"). (Mot. Ex. F ("Notice to Appear"), ECF No. 3-2.) Petitioner moved for redetermination of bond in the immigration court. (Hellerstein Decl. ¶ 12.) The immigration court denied the request because "[Petitioner] is now charged as an arriving alien, rendering him ineligible for release on bond." (Mot. Ex. G ("Custody Redetermination Order"), ECF No. 3-2.)

Petitioner challenges his reclassification as an "arriving alien," the revocation of his deferred action, and his continued detention without a bond hearing under the INA, Administrative Procedure Act, and the due process clause of the Fifth Amendment. (*See* Pet. ¶¶ 40–82.) Petitioner seeks a preliminary injunction directing Respondents Fereti Semaia, Ernesto Santacruz Jr., Todd Lyons, Kristi Noem, and Pamela Bondi to immediately release Petitioner from custody and enjoining Respondents from re-detaining Petitioner absent certain conditions. (Proposed Order, ECF No. 3-4.)

The motion does not follow court rules governing motion practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-3, 65-1. Notwithstanding these procedural defects, the Court orders further development of the motion on the merits as follows: Pursuant to Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner shall file a verified petition by Wednesday, March 18, 2026, at 12:00 p.m. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (authorizing application of Section 2254 Rules to § 2241 proceedings). Respondents shall file a response to Petitioner's motion by Thursday, March 19, 2026, at 5:00 p.m. Petitioner shall file a

reply in support of his motion by Monday, March 23, 2026, at 12:00 p.m.[2] The Court sets a hearing on the motion for Wednesday, March 25, 2026, at 10:00 a.m. in Courtroom 7C.

In light of the serious questions going to the merits and the likelihood of irreparable harm raised in the petition and motion, and in aid of maintaining jurisdiction over this matter, the Court orders that Respondents and all of his officers, agents, servants, employees, attorneys, and persons acting on her behalf in concert or in participation with her are enjoined from transporting, removing, or deporting Petitioner out of the territorial jurisdiction of the Central District of California. *See* Order Setting Br. Schedule 2, *Nouri v. Herrera*, No. 8:25-cv-01905-JFW-DTB (C.D. Cal. Aug. 28, 2025), ECF No. 11 (issuing limited injunction pending adjudication of application for preliminary injunctive relief); Order Regarding Emergency Mot. 1, *M.T.M. v. Andrews*, No. 2:25-cv-08208-SRM-PD (C.D. Cal. Aug. 30, 2025), ECF No. 19 (restraining transfer of immigration detainee under the All Writs Act).

**IT IS SO ORDERED.**

---

[2] Petitioner also may file a declaration authenticating the exhibits to his motion no later than this date. *See supra* note 1.