**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO ALEXANDER ESCALANTE VARGAS,<br>Petitioner,<br>v.<br>FERETI SEMAIA et al.,<br>Respondents. | Case No. 5:26-cv-01208-MCS-AJR<br><br>**ORDER RE: FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Amended Petition, the Report and Recommendation of the United States Magistrate Judge, all the records and files herein, and Respondents' objection. The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Respondents objected. Having conducted a *de novo* review, the Court sustains Respondents' objection but otherwise accepts the Report and Recommendation.

The Magistrate Judge recommends that the Court enjoin Respondents "from re-detaining Petitioner without providing him a pre-detention hearing before a neutral adjudicator." (R. & R. 15, ECF No. 17.) This proposed relief is consistent with the preliminary injunction entered in this case. (Order Re: Mot. for Prelim. Inj. 8, ECF No. 8.) Respondents object to this relief on the basis that "Petitioner is not entitled to

such a speculative prospective requirement." (Obj. 1, ECF No. 18.) Whereas precluding re-detention without a pre-detention hearing was appropriate as a matter of preliminary injunctive relief before a final adjudication of the merits of the petition, the record does not raise an inference that permanent injunctive relief consistent with the preliminary injunction is warranted. The prospect of unlawful re-detention is speculative and hypothetical, so permanent injunctive relief designed to address or avoid that prospective harm is inappropriate. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition"). Of course, due process may demand that Petitioner receive a pre-detention hearing before any re-detention, but the Court will limit the judgment here to the issues presented in this proceeding.

IT IS ORDERED that the Amended Petition is GRANTED. The Court declares that Petitioner is not an "arriving alien" subject to 8 U.S.C. § 1225(b), but instead is subject to 8 U.S.C. § 1226.

///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at the current address of record, as well as Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 22, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE